THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HYMAN LESSER, Appellant.

*Criminal action — conviction on the testimony of a single witness — when a new trial will be granted — evidence insufficient to warrant a conviction.*

The common law permits a conviction on a criminal trial, in the face of a denial of guilt by the accused, on the testimony of a single witness.

It is the province of the General Term of the Supreme Court to order a new trial if satisfied that the verdict against a prisoner was against the weight of evidence or against the law, or that justice requires a new trial whether exceptions were or were not taken upon the trial. (Code of Crim. Proc. § 527.)

Upon the trial of a prisoner for grand larceny in stealing a watch, the complainant testified that she did not see the defendant take the watch, but that no other person between the time when she wound the watch and placed it on the mantelpiece, and the time when she missed it, had entered her apartment in which it was. The defendant testified that he had not seen nor taken the watch, that he knew nothing about it, and in addition he produced two witnesses who testified as to his good character. The jury rendered a verdict of guilty.

*Held,* that the evidence was insufficient to warrant a conviction;

That the court should, upon the defendant's request, have advised the jury to acquit him, upon the ground of the insufficiency of the evidence.

APPEAL by the defendant, Hyman Lesser, from a judgment of the Court of General Sessions held in and for the county of New York, rendered on the 20th day of October, 1893, convicting him of the crime of grand larceny.

*Alexander Rosenthal,* for the appellant.

*George G. Battle,* for the respondent.

O'BRIEN, J.:

The defendant, a Pole, who, at the time of his arrest was twenty-nine years of age, was employed by one Samuel Etreich as a canvasser for crayon pictures. On October 2, 1893, he called at the apartments of complainant, one Mrs. Foster, and endeavored to obtain an order from her for a crayon picture. She stated "that she did not want anything more to do with picture people, that they were frauds." Instead, however, of permitting him to go, she continued the conversation about the picture business, and finally invited him into the sitting room to show him some pictures which she had bought from some other firm, and for which she claimed she had

been charged an excessive price. This was between ten and eleven o'clock in the morning.

She testified that her watch was on the mantelpiece where she had placed it, after winding it up, about fifteen minutes before the defendant came in. While he was in the sitting room she left to go into the dining room to get her receipt to show defendant how she had been, as she claimed, defrauded on the pictures she had previously bought, and after remaining out five or ten minutes she returned with the statement that she could not find the receipt. And then after some further conversation, in which the defendant urged her to purchase a frame, he left the apartments after giving her his address. Some five minutes afterwards the complainant claims to have missed the watch, and two days thereafter she caused the defendant's arrest upon the charge of stealing it.

The complainant said that she did not see defendant take the watch, but testified that no other person, between the time when she wound the watch and placed it on the mantelpiece and the time when she missed it, had entered her apartments, and that no other person, therefore, had had an opportunity to take it.

The defendant denied that he had seen or taken the watch, or that he knew anything about it, and in addition he produced two witnesses who testified as to his good character.

The jury found a verdict of guilty, and the sole question presented is, whether, upon this evidence, the motion made on behalf of the defendant, that the court advise the jury to acquit him upon the ground that the evidence was insufficient, should not have been granted.

Although, under certain systems of jurisprudence, a conviction could not be had where the testimony of the complainant is directly contradicted and offset by the testimony of a defendant, this rule has never prevailed at common law, which permits a conviction in the face of a denial of guilt by the accused on the testimony of a single witness. Where the testimony is direct, this rule is not likely to work injustice, because there will always arise or be present circumstances which will be corroborative of such witness. Thus, if in this case, the complainant had seen the defendant take the watch, she would naturally have made some outcry, or taken some action which would have brought about the immediate apprehension of the

prisoner, and this would result either in showing that, with the consciousness of guilt and to avoid arrest, the defendant fled, or, if he remained, in finding the property in his possession. In the instance cited, the chances of error or injustice being done, or of one being wrongfully accused, would be slight. Where, however, the evidence, as here, is purely circumstantial, depending at best upon an opportunity to take the watch, assuming it was, as stated by complainant, on the mantelpiece, little or no chance is given to one accused of demonstrating his innocence, except as was done in this case, by denial of the accusation and by presenting evidence of good character, which in such a case is entitled to considerable weight.

It may be that the complainant was positive of the time when she last saw the watch prior to the defendant entering her apartments, and she may be quite certain about the fact of winding it fifteen minutes before he entered. And still we know that the memory is fallible, and mistakes as to the placing of articles in one place rather than in another, or in assuming with respect to an object we are accustomed to see daily that at a particular time we saw it in a particular place, are not infrequent. That it was possible for the complainant to be mistaken about the placing of articles is shown by the fact of her unsuccessful search for the receipt in the dining room. As against the circumstantial evidence, therefore, in this case, we have the fact that the defendant lawfully, and upon the invitation of the complainant, entered her apartments; and his conduct therein and his leaving his address when departing are slight facts weighing in his favor. With these in mind we have then the circumstantial evidence of the complainant, offset by the positive denial of the defendant, which is supplemented by the proof of two witnesses as to his good character and honesty; and yet, without any proof as to her standing or character (which, however, is presumptively all right), the complainant is permitted on her uncorroborated statement to secure the conviction of the defendant.

When we recall the presumption that the law always indulges in as to the innocence of one accused, the necessity of establishing the guilt of a prisoner beyond a reasonable doubt, and the force and effect which in a case of this kind should have been given to evidence of good character, we think it would have been a proper exercise of the power vested in the trial court to have advised the

acquittal of the prisoner upon the ground that the evidence was insufficient. Assuming that defendant was innocent, we fail to see how he could have met the charge in any other way than by the evidence which was presented; nor are we able to find a single incriminating circumstance in his manner of entering or leaving the apartments, or in his subsequent conduct, which corroborates the complainant's story. At the time the watch is said to have been stolen the prisoner was engaged in honestly earning a living, and prior to the charge made had never been guilty of any crime, and his character for honesty was supported by those by whom he had been employed, one of whom had known him from boyhood. In our opinion it would be destroying the presumption which arises in favor of the innocence of the accused, and permitting the subversion of the rule which requires the establishment of guilt beyond a reasonable doubt, to allow this conviction to stand.

It is the province of this court to order a new trial if satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial, whether exceptions shall have been taken or not in the court below (Code Crim. Proc. § 527); and we think that in this case an instance is presented where the danger of mistake and injustice requires that upon testimony so slight and insufficient as was here given to support the charge, the prisoner should have another opportunity to vindicate his innocence, or the complainant to produce some stronger evidence of his guilt.

The judgment, therefore, should be reversed and a new trial ordered.

Van Brunt, P. J., and Parker, J., concurred.

Judgment reversed; new trial ordered.